IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA

    v.

JEFFREY ALAN BENJAMIN

Criminal No: 3:23-00902

**PLEA AGREEMENT**

## General Provisions

This PLEA AGREEMENT is made this 20th day of *October*, 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS. First Assistant United States Attorney BROOK B. ANDREWS. Assistant United States Attorneys WINSTON D. HOLLIDAY, JR. and WILLIAM J. WATKINS, JR. and Trial Attorney WILLIAM E. SCHURMANN; the Defendant, **JEFFREY ALAN BENJAMIN**, and Defendant's attorneys. WILLIAM M. SULLIVAN, JR. and ANDREW MOORMAN.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and plead guilty to Count 1 of the Information now pending, which charges: "AIDING AND ABETTING THE FAILURE TO KEEP ACCURATE CORPORATE RECORDS," a violation of Title 18, United States Code, § 2(a), and Title 15, United States Code. § 78m(b)(2)(A).

1

2. In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

    i. The crime charged was in fact committed by someone other than the defendant, which under 15 U.S.C. § 78m(b)(2)(A) requires:
        a. The perpetrator knowingly circumvented or caused to be circumvented a system of internal accounting controls, or knowingly falsified or caused to be falsified any book, record, or account regarding the transactions or dispositions of assets; and
        b. The perpetrator did so to a company registered to sell securities with the Securities and Exchange Commission.
    ii. The defendant participated in the criminal venture as in something that he wished to bring about;
    iii. The defendant associated himself with the criminal venture knowingly and voluntarily; and
    iv. The defendant sought by his actions to make the criminal venture succeed.

3. The maximum penalty for this offense is:

    i.    20 years' imprisonment

    ii.   $5,000,000 fine

    iii.  Three years' supervised release

    iv.  $100 special assessment

4. The Defendant understands and agrees that monetary penalties (*i.e.*, special assessments, restitution, fines and other payments required under the sentence) imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial

2

Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary

penalty. The Defendant further understands that any monetary penalty imposed is not

dischargeable in bankruptcy.

A.  Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons inmate financial repayment program if this plea results in incarceration.

B.  Restitution: The parties agree that pursuant to 18 U.S.C. § 3663A(c)(3)(A) and (B) that. due to the large number of possible victims and the complex issues of fact related to the amount of losses that would complicate or prolong the sentencing process — including: identifying who any possible victims might be. the SEC civil enforcement action, the possible victims' state and federal law suit(s). the dividends potentially paid to some possible victims during the conduct that caused the loss. and the monies potentially paid to some possible victims upon Dominion's acquisition of SCANA — the need to provide restitution to victims is outweighed by the burden on the sentencing process and the Mandatory Restitution Act should not apply to the Defendant's case.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

5.  The Defendant understands that the obligations of the Government within the Plea

Agreement are expressly contingent upon the Defendant's abiding by federal and state laws

and complying with any bond executed in this case. In the event that the Defendant fails

to comply with any of the provisions of this Agreement. either express or implied. the

Government will have the right. at its sole election. to void all of its obligations under this

Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to

the offense(s) enumerated herein.

3

## Merger and Other Provisions

6.    If the Defendant complies with all the terms of this Agreement, the parties agree that the
appropriate disposition of this case is the following:

- i.    A sentence between and including no custodial sentence up to a custodial
sentence of twelve months and one day:

- ii.    A term of supervised release not to exceed two years: and

- iii.    A total financial penalty of not more than $100.000

The parties agree that such a resolution is supported by the sentencing factors set forth in

18 U.S.C. § 3553(a). In determining the appropriate sentence, the parties agree that

calculation of loss under the sentencing guidelines is not applicable for purposes of the

Court's imposition of any of the sentencing alternatives identified in U.S.S.G. §§ 5B1.1(a)

and 5C1.1(c), which include:

- i.    a sentence of imprisonment:

- ii.    a sentence of probation:

- iii.    a sentence of imprisonment that includes a term of supervised release with
a condition that substitutes community confinement or home detention
according to the schedule in [§ 5C1.1(c)], provided that at least one month
is satisfied by imprisonment: or

- iv.    a sentence of probation that includes a condition or combination of
conditions that substitute intermittent confinement, community
confinement, or home detention for imprisonment according to the schedule
in [§ 5C1.1(e)].

In the event that the Defendant complies with all terms of this Agreement, and the Court

declines to impose a sentence consistent with the agreed upon requirements of this

paragraph, the Defendant will have the right to withdraw his Fed. R. Crim. P. Rule

11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement,

the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

7.    If the Defendant complies with all terms of this Agreement, the United States agrees that it will not bring any further charges of any kind against the Defendant in connection with his work on the V.C. Summer Project.

8.    The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed (i) possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, (ii) the Defendant's right to a public trial by jury or by the Court, (iii) the right to the assistance of counsel throughout the proceedings, (iv) the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, (v) the right to confront and cross-examine the Government's witnesses, and (vi) the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea

5

Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

*Signatures on next page*

6

`19 OCT 2023`

Date

October 20, 2023

Date

JEFFREY ALAN BENJAMN
Defendant

WILLIAM M. SULLIVAN, JR.
ANDREW MOORMAN
Defense Attorneys

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

October 20, 2023

Date

BROOK B. ANDREWS
First Assistant United States Attorney

WINSTON D. HOLLIDAY, JR.
WILLIAM J. WATKINS, JR.
Assistant United States Attorneys

WILLIAM E. SCHURMANN
Trial Attorney

JOHN O'HALLORAN
Special Assistant United States Attorney
Attorney

7